IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES BRADLEY COOK,               §
        Petitioner,               §
                                 §
v.                                §          Civil Action No. 4:20-CV-307-O
                                 §
ERIC D. WILSON, Warden,           §
FMC-Fort Worth,                   §
          Respondent.           §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, James Bradley Cook, a federal prisoner confined in FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner is confined pursuant to his criminal conviction for receiving images of child pornography by cellular telephone in the United States District Court for the Northern District of Mississippi. Resp't's App. 24, ECF No. 19. His projected release date with good-time credit is March 13, 2021. *Id.* at 33.

To establish the background of the case, the government provided the declaration of Robin Teters, a Management Analyst at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

       . . .

2.      In this position, I have access to official records compiled and maintained by the [BOP], many of which are located in BOP computerized records (SENTRY), Judgment and Commitment Orders, sentence computation letters, records created by state and local officials, Presentence Investigation Reports, and BOP Program Statements.

3.     It is my understanding that Petitioner, James Cook, Federal Register Number 16310-042, alleges he is entitled to approximately 473 days of prior custody credit when he was released on bond to home detention. I have reviewed the sentence computation for Petitioner.

       . . .

5.     On December 8, 2013, Petitioner was arrested by Tupelo Police Department, in Lee County, Mississippi, for Enticement of a Child for Sexual Purposes.

6.     On December 11, 2013, Petitioner was indicted and an arrest warrant was issued in the United States District Court for the Northern District of Mississippi, in Case No. 1:13CR183, for one count of Coercion or Enticement of a Minor Female.

7.     [The United States Marshals Service Individual Custody and Detention Report] reflects that a federal arrest warrant was executed and Petitioner entered custody of the United States Marshals Service on December 13, 2013. On December 13, 2013, Petitioner was released from his Lee County, Mississippi, charges and was not indicted locally.

8.     [The Appearance Bond and Order Setting Conditions of Release] reflect that on December 17, 2013, Petitioner was released on bond to the supervision of the United States Probation Service, after acknowledgment of his conditions of release.

9.     On February 11, 2015, Petitioner was sentenced in the United States District Court for the Northern District of Mississippi, to an 84-month term of imprisonment for Receiving Images of Child Pornography by Cellular Telephone, in Case No. 1: 13CR00183-001. The Petitioner was ordered to surrender for service of his sentence on April 6, 2015.

10.    The BOP prepared a sentence computation on Case No. 1:13CR00183-001, based on the 84-month term of imprisonment, commencing on April 6, 2015, the date he surrendered to federal custody. The Petitioner received 10 days of presentence credit for the period of December 8, 2013, through December 17, 2013. If Petitioner receives all good conduct time projected, it is anticipated that he will be released from BOP custody on March 13, 2021.

*Id.* at 3-4 (citations to attachments omitted).

By way of this petition, Petitioner raises the following claim for relief, verbatim:

BOP's denial to accord pre- and postsentencing time served under highly-restrictive

2

conditions approaching full-blown custodial detention while awarding time credits to similarly situated inmates under identical custodial conditions of home confinement, without a rational basis for the disparate treatment of Petitioner runs afoul of equal protection of the law, violative of due process clause of Fifth Amendment to Federal Constitution.

Pet. 8, ECF No. 1. He seeks "credit of 473 days—from date enlarged on bail under highly-restrictive conditions until voluntarily surrendering to BOP penal institution to commence service of [his] sentence." *Id.*

## II. EXHAUSTION

Petitioner has exhausted the BOP's administrative remedies at all levels, to no avail. Pet. 3, ECF No. 1; Pet'r's Mem. 42,[1] ECF No. 2. In response to Petitioner's final appeal, the national inmate appeals administrator responded as follows (any errors in punctuation or citation are in the original):

For relief, you request credit for approximately 473 days while on the Pre-Trial Electronic/GPS Monitoring program.

A review of your record revealed, you were arrested on December 8, 2013, 2013, by the Tupelo Police Department for Enticement of a Child for Sexual Purposes. You were released on bond on December 13, 2013, and turned over to the Federal bureau of Investigation, and charged with Receiving Images of Child Pornography by Cellular Telephone, Case Number 1:13CR00183-001. On December 17, 2013, you were placed on bond with intensive pretrial supervision, to include home detention restricting you to your residence at all times except for employment, education, religious services, medical health, attorney visits or court ordered obligations. On February 11, 2015, you were sentenced in the United States District Court for the Northern District of Mississippi to a 84-month term of imprisonment in Case Number 1:13CR00183-001. You were ordered to surrender for service of your sentence on April 6, 2015.

Pursuant to Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCA of 1984), "In Reno v. Koray, 115 S. Ct. 2021 (1995), the U.S. Supreme Court held that time spent under restrictive conditions of release (including

---

[1]The pagination in the ECF header is used.

time spent in a community treatment center (CCC) or similar facility) was not official detention entitling an inmate to prior custody credit under 18 U.S.C. § 3585(b)". The Court found that the interaction of the Bail Reform Act and 18 U.S.C. § 3583(b) supported the Bureau of Prisons' interpretation that a defendant is either released (with no credit for time under conditions of release) or detained (with credit for time in official detention).

Program Statement 5880.28 further states, "The Koray decision means, that time spent in residence in a CCC or similar facility as a result of the Pretrial Services Act of 1982 (18 U.S.C. § 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. § 3141-3143, former 3146), or as a condition of parole, probation of supervised release, is not creditable to the services of a subsequent sentence." In addition, a release condition that is "highly restrictive," and that includes "house arrest", "electronic monitoring" or "home confinement"; or such as requiring to report daily to the U.S. Marshal, U.S. Probation Services, or other person is not considered as time in official detention." In short, under Koray, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release.

Your sentence has been computed as directed by federal statute, Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the intent of the sentencing Court.

Pet'r's Mem. 42-43, ECF No. 2.

## III. DISCUSSION

Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began.  It states:

(a)  **Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b)  **Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

4

             **(1)** as a result of the offense for which the sentence was imposed;
or
             **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

The United States Supreme Court has held that "official detention" under § 3585(b) refers to a "court order detaining a defendant and committing him to the custody of the Attorney General for confinement." *Reno v. Koray,* 515 U.S. 50, 56 (1995) (adopting the government's interpretation of § 3585(b)). Furthermore, the Supreme Court held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' and who were subject to BOP's control." *Id.* at 58 (internal citation omitted). Additionally, it has been held that home confinement imposed as a condition of bail is not "official detention" for purposes of § 3585(b). *See e.g., United States v. Cleto,* 956 F.2d 83, 84-85 (5th Cir. 1992); *Paxson v. Tamez,* No. 4:12-CV-588-A, 2012 WL 5458210, at *2 (5th Cir. 2012); *Cucciniello v. Keller,* 137 F.3d 721, 723 (2d Cir. 1998); *Rodriguez v. Lamer,* 60 F.3d 745, 747-48 (11th Cir. 1995); *United States v. Prine,* 167 Fed. App'x 962, 2006 WL 392067, at *1 (4th Cir. 2006); *United States v. Piper,* 525 Fed. App'x 205, 209-10 (3d Cir. 2013); *Blank v. Wilson,* No. 4:16-CV-465-O, 2019 WL 339031, at *3-4 (N.D. Tex. Jan. 25, 2019); *Barton v. Van Buren,* No. 4:06-CV-799-Y, 2007 WL 1766775, at *2 (N.D. Tex. June 18, 2007). Therefore, Petitioner is not entitled to credit toward his sentence for the time he spent in home confinement, no matter how restrictive the conditions, before surrendering to the BOP for service of his sentence. *Siebert v. Chandler,* 571 Fed. App'x 328, 329 (5th Cir. 2014). Because Petitioner had no legitimate liberty interest in the time credit he seeks, the

BOP did not deny Petitioner due process by refusing to credit him for that time.

Petitioner's equal-protection claim is equally frivolous. The Equal Protection Clause essentially requires that all similarly situated persons be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). Petitioner makes a distinction between himself and "end-of-sentence prisoners" who are accorded credit for the time of their final term of imprisonment released to home confinement. Pet'r's Mem. 16, ECF No. 2. However, he cannot establish that his time spent on release before surrendering to the BOP, subject to various conditions of release including home confinement, is in any way the equivalent to an individual serving a sentence. His time spent in home confinement was not done so in service of his federal sentence nor was he detained in a penal or correctional facility or in custody of the BOP. *See Koray,* 515 U.S. at 58l; *Siebert v. Chandler,* 571 Fed. App'x 328, 328-29 (5th Cir. 2014).

Finally, Petitioner claims that the BOP's implementation of Program Statement 5880.28 extends his sentence, in violation of the separation of powers doctrine. According to Petitioner, "the BOP, an agency within the executive branch, seeks to usurp the judge's authority and perform Article III functions by extending [his] judicially-administered sentence through application of" the policy. Pet'r's Mem. 20, ECF No. 2. However, Petitioner fails to explain how the BOP's denial of the time he spent on home confinement as a condition of release on bail lengthened his sentence. Although he was subject to restrictions, he was not in any penal or correctional facility during that time. Furthermore, the BOP has the exclusive authority to determine when a sentence commences and to calculate any prior custody credits under § 3585(b). *United States v. Wilson,* 503 U.S. 329, 331 (1992). Its determination is in accordance with its interpretation of § 3585(b) and its policies applying that statute, and this Court cannot conclude that those policies are an impermissible

construction of § 3858(b). Petitioner's disagreement with the BOP's denial of prior custody credit does not demonstrate that the BOP resentenced him to a longer term of incarceration. The BOP administered Petitioner's sentence as provided in the statute and interpreted by Program Statement 5880.28, it did not exercise sentencing discretion or usurp a judicial function when denying credit for the relevant time. *See Wilson,* 503 U.S. at 335 (providing "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence," which includes "as an administrative matter" calculating jail-time credit).

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 24th day of July, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**